IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL HOCKLESS | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-533 |
| LIEUTENANT HARRINGTON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Michael Hockless, formerly an inmate at the Jefferson County Correctional Facility ("JCCF"), proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against several defendants, including the JCCF. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff alleges that in October, 2020, he was physically and verbally abused by officers at the JCCF. He states he was forcibly pushed to the ground and shot twice with a taser while he was defenseless. Plaintiff also alleges officials failed to respond to his grievances.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Analysis

Plaintiff has named the JCCF as a Defendant. In order for an entity to be a party to a lawsuit, the entity must have the capacity to sue or be sued. *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993). The JCCF, as at best a subdepartment of a local governmental entity, does not have a

sufficiently separate legal interest to enable it to be named as a defendant in a lawsuit. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). However, as Plaintiff is proceeding *pro se*, his claim against the JCCF will be liberally construed as a claim against Jefferson County.

Jefferson County cannot be held liable under 42 U.S.C. § 1983 for the actions of its officers or employees based on a theory of *respondeat superior*. *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A governmental entity such as Jefferson County may only be held liable for a constitutional violation if the violation is the result of official policy or custom on the part of the entity. *Id.*

An official policy or custom can be established in several ways. An official policy may be a policy statement, ordinance, regulation, or decision that has been officially adopted and promulgated by a policymaker. *Hicks-Fields v. Harris Cnty. Tex.*, 860 F.3d 803, 808 (5th Cir. 2017). A policy may also arise from a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Burge v. St. Tammany Par.*, 336 F.3d 363, 369 (5th Cir. 2003). Finally, a policy or custom may be considered to exist where the need to take some action is so obvious, and the inadequacy of existing training so likely to result in the violation of constitutional rights, that a municipality's failure to train its employees demonstrates a "deliberate indifference" to the rights of citizens. *City of Canton, v. Harris*, 489 U.S. 378, 389-90 (1989).

Plaintiff has failed to identify any polices or customs of Jefferson County which led to the actions he describes in his complaint. As a result, Plaintiff has failed to state a claim upon which relief may be granted against Jefferson County.

## Recommendation

The claim against Jefferson County, Texas, should be dismissed for failure to state a claim upon which relief may be granted.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 7th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE